Frank Mumford v. The State.

No. 2844. Decided February 17, 1904.

**1.—Carrying Pistol—Res Gestae.**

Where, during a conversation or at about its termination between defendant, his wife and others, the defendant took a pistol from P. and undertook to put it in his right-hand hip pocket, and while undertaking to do so, defendant's own pistol was discovered in the same pocket, the act is so connected with the conversation and the discovery of defendant's pistol that all are part of the res gestae.

**2.—Judge—Remarks.**

It is reversible error for a judge to state within the hearing of the jury the reasons why and the purposes for which he had admitted certain testimony upon the trial; such conduct is directly forbidden by the statute.

Appeal from the County Court of Palo Pinto. Tried below before Hon. W. E. McConnell.

Appeal from a conviction for carrying a pistol in violation of the statute; penalty, a fine of $50.

The opinion states the case.

*Crudgington & Penix,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying a pistol in violation of the statute. The evidence shows that on the evening of the alleged offense Feazell with his wife had gone out west of the town of Strawn, on a fishing excursion. While fishing they observed Sol Pace at their buggy. He came from the buggy to them, and engaged in conversation. The conversation is not stated. The three went to the buggy. Bill of exceptions was reserved to the introduction of this testimony, and the further fact that while at the buggy Mrs. Feazell saw appellant and a man named Oiler some fifty or sixty yards away, and called them to come; that they came, and she asked defendant who Pace was (it seems that up to this time they had not ascertained his name), and what he was doing there, and what right he had to insult Mrs. Feazell. Mrs. Feazell also asked defendant if he was a friend of Pace's, and would he take Pace away and not let him kill her husband. Exception was reserved to this evidence, because it was immaterial and prejudicial, and had a tendency to inflame the minds of the jury against defendant on account of the acts of Pace, with which defendant is not shown to have had any connection, and that in no way tended to determine the fact that appellant was carrying a pistol. With reference to the occurrences prior to the time that Pace and Feazell and his wife returned to the buggy, perhaps they had no connection with the case; but there is nothing shown except the mere fact that Pace went from the buggy to where Feazell and his wife were and returned with them to the buggy. We do not see what effect this testimony could have had one way or the other. What occurred at the buggy while defendant was there, and the fact that Mrs. Feazell asked the questions she did, perhaps really had little to do with the case, so far as the mere fact of appellant having the pistol was concerned. However, it was during this conversation, or about its termination, that defendant took a pistol from Pace and undertook to put it in his right hand hip pocket. While undertaking to put the pistol in his pocket witnesses Feazell saw another pistol in the same pocket of appellant. The fact that appellant had taken the pistol from Pace and was trying to put it in his pocket is so connected with the main fact in the case, to wit, that these witnesses saw appellant's pistol in his pocket, it was a part of the transaction and was admissible to explain why it was that the two witnesses saw appellant's pistol. Upon another trial this portion of the testimony should be confined to the immediate facts which led to these witnesses seeing appellant's pistol, and the prior acts should be excluded.

Upon the objection of appellant to the introduction of this testimony, the court remarked, in the presence and hearing of the jury: "I admit in evidence all that was said in the presence and hearing of defendant by, about and concerning the said Pace and his acts, for the purpose of the jury being able to determine the amount of punishment and the degree of punishment to inflict in this case should they find defendant guilty

of carrying a pistol." This remark of the court should not have been indulged. It is directly forbidden by the statute. This clearly conveyed to the minds of the jury that the court thought this should enhance the punishment above the minimum. The penalty assessed was a fine of $50, $25 being the minimum punishment. In ruling upon objections to testimony in regard to its rejection or admission the court should refrain from expressing any opinion in regard to it. This is provided by statute. On account of this error, the judgment is reversed and the cause remanded.

*Reversed and remanded.*